Argued and submitted December 12, 1983, affirmed January 11, reconsideration denied February 24, petition for review denied April 24, 1984

STATE OF OREGON, by and through
the DIVISION OF STATE LANDS,
*Respondent,*

*v.*

SALOT et al,
*Appellants.*

(16-82-07997; CA A28258)

674 P2d 93

Donald J. Morgan, Portland, argued the cause for appellants. With him on the briefs was Wood, Tatum, Mosser, Brooke & Holden, Portland.

Peter S. Herman, Senior Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, William F. Gary, Deputy Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

Defendants in this declaratory judgment proceeding, riparian owners of property along the lower reaches of the McKenzie River, appeal from a trial court decree that the state is the owner of the bed of the river. We affirm.

The McKenzie was, in 1859, a navigable river. *State of Oregon v. Riverfront Protective Assoc.*, 672 F2d 792 (9th Cir 1982). Upon entering the union, the state took title to the bed of the McKenzie and the state's other navigable rivers. *See United States v. Oregon*, 295 US 1, 55 S Ct 610, 79 L Ed 1267 (1935). It has not, thereafter, either by legislative act, executive sale or judicial decision, relinquished title. The two cases on which defendants rely and which do lend the appearance of validity to defendants' arguments to the contrary—*Weise v. Smith*, 3 Or 445 (1869), and *Shaw v. Oswego Iron Co.*, 10 Or 371 (1882)—are not, when carefully read, cases dealing dispositively with title to the beds of navigable rivers within Oregon. *See State Land Board v. Corvallis Sand & Gravel Co.*, 283 Or 147, 158, 582 P2d 1352 (1978).

Affirmed.